Lundberg Stratton, J.,
concurring in part and dissenting in part.
{¶ 27} I concur in the decision to grant writs of mandamus and prohibition to compel Judge Russo to vacate the March 4, 2010 entry striking Fifth Third’s notice of voluntary dismissal without prejudice and to prevent Fifth Third from proceeding on its foreclosure case. I respectfully dissent from the decision denying Fifth Third relief in prohibition to prevent Judge Russo from conducting the contempt proceeding. I believe that Judge Russo patently and unambiguously lacks jurisdiction to conduct the contempt proceeding and that an appeal is not an adequate remedy at law for Fifth Third.
{¶ 28} Fifth Third was not in contempt of a court order in the underlying case when Judge Russo issued a show-cause order on March 4, 2010. The underlying case had already been dismissed and no longer existed. As the majority opinion states, “the dismissal without prejudice was effective once it was filed. No further court action was required.” Thus, it follows that the judge patently and unambiguously lacked jurisdiction following dismissal to issue the show-cause order. The parties had settled the matter, and Fifth Third had filed a Civ.R. 41(A) voluntary dismissal on March 2, 2010. Judge Russo does not allege that Fifth Third disobeyed a court order, but instead, she alleged that Fifth Third was in contempt for filing a notice of dismissal following settlement. Although a court *256 may consider a collateral issue of criminal contempt after the underlying action is no longer pending, see State ex rel. Com v. Russo (2001), 90 Ohio St.3d 551, 556, 740 N.E.2d 265, the criminal contempt allegations here did not arise prior to dismissal. Judge Russo’s allegations relate to the actual notice of dismissal and to the merits of the underlying action — they are not collateral issues. Consequently, I believe that Judge Russo lacked jurisdiction to proceed following Fifth Third’s dismissal.
Graydon, Head & Ritchey, L.L.P., John C. Greiner, Harry W. Cappel, and Katherine M. Lasher, for appellee and cross-appellant.
William D. Mason, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellant and cross-appellee.
{¶ 29} Fifth Third’s remedy by appeal, in the unlikely event it is found in contempt, is not adequate. An adequate legal remedy must be practical and efficient and promptly administer justice. Mid-America Tire, Inc. v. PTZ Trading Ltd., 95 Ohio St.3d 367, 2002-Ohio-2427, 768 N.E.2d 619, ¶ 81. It is illogical to require Fifth Third to appear and defend in a contempt action under these circumstances, as well as time-consuming and costly to Fifth Third and the judicial system. In the unlikely event that Fifth Third does not prevail in the contempt proceeding, an appeal is not as efficient as a writ of prohibition would be if we granted it now. Thus, I believe that an appeal is an inefficient and inadequate remedy, and I would grant a writ of prohibition to prohibit Judge Russo from proceeding on the contempt hearing.
{¶ 30} I respectfully dissent from the resolution of the cross-appeal.
McGee Brown, J., concurs in the foregoing opinion.